UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA FRANCES RABALAIS** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-9718** |
| **BP EXPLORATION &** <br> **PRODUCTION INC. ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendants BP Exploration & Production Inc. and BP America Production Company's (together, "BP") motion[1] for summary judgment. Plaintiff Joshua Frances Rabalais's ("Rabalais") response in opposition to BP's motion for summary judgment was due on June 18, 2019, but to date, no opposition has been filed.[2] Accordingly, the Court considers the motion unopposed. For the following reasons, the motion is granted.

### I.

On January 11, 2013, U.S. District Judge Carl J. Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"), which includes a Back-End Litigation Option ("BELO") permitting certain class members who follow procedures outlined in the MSA to sue BP for later-manifested physical conditions.[3]

---

[1] R. Doc. No. 20.
[2] The Local Civil Rules of this district require parties to file memoranda in opposition to motions no later than eight (8) days before the noticed submission date. LR 7.5. The submission date with respect to the instant motion is June 26, 2019. Accordingly, any opposition to the motion needed to be filed no later than June 18, 2019.
[3] R. Doc. No. 20-5, at 1–2 ¶¶ 1 & 3.

Individuals who worked as clean-up workers in response to the Deepwater Horizon oil spill are members of the class covered by the MSA.[4] A later-manifested physical condition, pursuant to the MSA, is a

> physical condition that is first diagnosed in a Medical Benefits Settlement Class Member after April 16, 2012, and which is claimed to have resulted from such Medical Benefits Settlement Class Member's exposure to oil, other hydrocarbons, or other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the Response Activities, where such exposure occurred on or prior to . . . April 16, 2012 for Clean-Up Workers.[5]

This case arises from Rabalais's alleged exposure to oil and gas dispersants while he worked as a clean-up worker in response to the Deepwater Horizon oil spill.[6] Rabalais was diagnosed on May 15, 2014 with chronic damage to conjunctiva, chronic rhinosinusitis, and chronic dermatitis at the site of contact.[7]

BP does not dispute that Rabalais was a clean-up worker after the oil spill and that he is a member of the class covered by the MSA.[8] BP also does not dispute that Rabalais's alleged conditions, diagnosed after April 16, 2012, fit within the MSA's definition of a later-manifested physical condition.[9]

---

[4] R. Doc. No. 20-5, at 1 ¶ 2.
[5] R. Doc. No. 20-2, at 4–5.
[6] R. Doc. No. 20-5, at 2 ¶¶ 5 & 7.
[7] R. Doc. No. 1, at 3 ¶ 12; R. Doc. No. 20-5, at 2 ¶ 6. BP disputes Rabalais's diagnoses. R. Doc. No. 20-1, at 3 n.9.
[8] R. Doc. No. 20-1, at 1 n.1; *see* R. Doc. No. 20-5, at 2 ¶ 5.
[9] R. Doc. No. 20-5 at 2 ¶ 8.

Defendants move for summary judgment, however, arguing that Rabalais cannot prove legal causation.[10] Specifically, BP argues that Rabalais must prove that his alleged conditions were legally caused by his exposure to substances related to the Deepwater Horizon oil spill and that he will not be able to meet his burden of proof at a bench trial before this Court.[11]

**II.**

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the Court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some

---

[10] R. Doc. No. 20-1, at 2.
[11] R. Doc. No. 20-1, at 5.

3

metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

"[A] district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991). "[W]here 'the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions.'" *Id.* (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)); *see also Manson Gulf, L.L.C. v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 134 (5th Cir. 2017).

## III.

Plaintiffs in BELO lawsuits, such as this case, need not prove BP's fault, but they do have to prove causation.[12] *See Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.) ("This Court finds the [MSA] unambiguously requires that a BELO claimant demonstrate that *exposure* to oil and/or other substances legally caused his or her physical condition in order to receive compensation for a [later-manifested physical condition].").

"Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (per curiam) (quoting *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)). "[E]xpert testimony is thus required to establish causation." *Id.*

To date, Rabalais has not indicated that he has retained an expert who will testify on his behalf at trial, and he has not disclosed to BP any expert reports in compliance with this Court's May 31, 2019 deadline.[13] The only evidence before the

---

[12] R. Doc. No. 20-3, at 16–17.
[13] R. Doc. No. 11, at 2; *see* R. Doc. No. 20-1, at 6. Even if Rabalais had submitted an expert report, an expert report alone is not competent summary judgment evidence:

> "While it is true that Rule 26 [of the Federal Rules of Civil Procedure] does not provide an express requirement that a report be sworn, it does not alter Rule 56's requirement that evidence proffered in opposition to the motion for summary judgment must be sworn or declared under penalty of perjury, or the proponent must otherwise show

5

Court with respect to Rabalais's medical condition and that relates to causation is a report of a medical examination performed by Jyoti Chakraborti, MD ("Dr. Chakraborti") on May 15, 2014.[14]

Essentially for reasons assigned by BP in its unopposed motion for summary judgment, the Court finds that Dr. Chakraborti's report is not competent summary judgment evidence.[15] Rabalais has failed to present a genuine issue of material fact or present competent summary judgment evidence that would support the fact that his injuries were caused by his alleged exposure to oil and dispersants while he worked in response to the spill.

---

that a statement could be reduced to admissible evidence at trial."

*Smith v. Palafox*, 728 F. App'x 270, 275 (5th Cir. 2018) (holding that an unsworn expert report was not competent summary judgment evidence).

[14] *See* R. Doc. No. 20-3. The Court notes that Dr. Chakraborti was not Rabalais's treating physician and, as stated in his report, Dr. Chakraborti did not have a doctor-patient relationship with Rabalais. *Id.* at 7.

[15] R. Doc. No. 20-1, at 6–7. Although not considered by the Court, BP asserts that the medical examination report used by Dr. Chakraborti to diagnose Rabalais is identical to the form used by other doctors retained by the Nations Law Firm, *see Jarquin v. BP Expl. & Prod. Inc.*, No. 19-9572, R. Doc. No. 19-3, and that Dr. Chakraborti has diagnosed more than 300 BELO claimants represented by the Nations Law Firm. R. Doc. No. 20-1, at 7 & n.21. However, the Court need not rely upon such information when resolving this motion.

## IV.

For the foregoing reasons,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that all claims asserted by Rabalais against BP are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 20, 2019.

                                                   **LANCE M. AFRICK**
                                   **UNITED STATES DISTRICT JUDGE**